NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3078
_____

STEPHEN MCKEAN;
MICHELE MCKEAN,
Appellants

v.

NATIONWIDE INSURANCE COMPANY
_____

APPEAL FROM THE UNITED STATES DISTRICRT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 3:12-cv-01206)
District Judge: Honorable Robert D. Mariani
_____

Submitted Under Third Circuit LAR 34.1(a)
January 22, 2015
_____

Before: FISHER, JORDAN, and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed: February 19, 2015)

_____

OPINION[*]
_____

_____

  [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

On September 22, 2011, a fire occurred at the primary residence of Stephen and Michele McKean (the "McKeans"). The McKeans' insurance company, Nationwide Insurance Company ("Nationwide"), denied coverage, invoking the provisions of the insurance contract that excluded coverage for "claims resulting from intentional acts committed by or at the direction of the insured" and for claims involving "intentional concealment and/or misrepresentation of material facts during the investigation," amounting to fraud. (Supp. App. 65.) The McKeans sued, seeking payment for their damages. A jury found in favor of Nationwide, and the McKeans appealed, arguing that the District Court made numerous evidentiary errors. For the reasons stated below, we will affirm.

## I. Background

The basic dispute between the parties centered on the cause of the fire. Nationwide maintained that the five locations showing significant burning – the sofa, loveseat, chair, papers, and rag – were five separate fires that could not have begun accidentally. By contrast, the McKeans posited that the five fires all originated from the fire on the sofa, which was started accidentally when the ceiling fan above the sofa caught fire and fell onto the sofa. The other locations, according to the McKeans' theory,

2

caught fire when "flying brands"[1] from the sofa fire landed on the various other items.

Nationwide also alleged that the McKeans engaged in fraud when they submitted a claim for lodging reimbursement based on a handwritten document purporting to be a month-to-month lease for a house in Milford, Pennsylvania, between Mr. McKean and an individual named Richard Black.

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  "We review a district court's decision to admit or exclude testimony for abuse of discretion.  To the extent that these rulings are based on an interpretation of the Federal Rules of Evidence, however, our review is plenary." *United States v. Fallon*, 470 F.3d 542, 546 (3d Cir. 2006) (internal citations omitted).

## III.  Discussion

The McKeans raise seven challenges to the District Court's evidentiary rulings, some of which involve the same witnesses.

The McKeans assert that the District Court erred when it allowed Mark Jackson, a large loss claim specialist in Nationwide's property damage division, to testify regarding his investigation of the purported lease between Mr. McKean and Mr. Black.  The District Court sustained most of the McKeans' hearsay objections to the questions posed

---

[1] "Flying brands are materials that catch on fire and become mobile, and they are, basically, flying, burning pieces that will carry fire to locations sometimes away from where the fire ignites."  (App. 418 (testimony of the McKeans's expert, Daryl Ebersole).)

to Mr. Jackson regarding the lease, ultimately only allowing Mr. Jackson to testify regarding the results of Nationwide's investigation into the lease, based upon his personal knowledge. Since the McKeans did not object at trial, they have waived their ability to challenge the question now. Fed. R. Evid. 103(a).

The McKeans also argue that all of Mr. Jackson's testimony should have been excluded as a sanction for Nationwide's alleged failure to provide his full report in response to the McKeans' discovery requests. During the trial, the McKeans simply asked that Mr. Jackson's testimony be stricken. On appeal, the McKeans specifically seek exclusion of his testimony as a sanction pursuant to Federal Rule of Civil Procedure 37. As in reviewing a decision to admit evidence, we review a district court's decision to impose sanctions pursuant to Rule 37 for abuse of discretion. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003). Based upon Mr. Jackson's testimony and the representations of Nationwide's counsel, the District Court concluded that the report had, in fact, been provided to the McKeans. Thus, the District Court properly denied the request to strike all of Mr. Jackson's testimony. This decision was not an abuse of discretion.

Next, the McKeans complain that they were not allowed to use an article from *Fire & Arson Investigator*, a journal published by the International Association of Arson Investigators, to cross examine Thomas Jones, Nationwide's fire and arson expert. The

District Court found that the article did not accuse Mr. Jones of engaging in "junk science," as asserted by the McKeans. Rather than accusing Mr. Jones of engaging in "junk science," the article addressed the improvements in fire origin science over the past twenty years. Excluding this line of questioning was not an abuse of discretion.

The McKeans also claim that Mr. Jones should not have been allowed to testify regarding the rag in the kitchen since he had not included any mention of the rag in his report. To the contrary, Mr. Jones's report referenced an incendiary source on the kitchen floor, as well as photographs of the remains of the rag. Allowing his testimony on this subject was not an abuse of discretion.

The McKeans argue that Russell Andress, a Pennsylvania State Trooper who is part of the Criminal Investigation Unit assigned to the Fire Marshal Section, should not have been able to testify regarding his investigation into Mr. McKean's telephone conversation with Thomas Graves at 6:58 p.m. on the day of the fire. The District Court allowed Trooper Andress to testify pursuant to Federal Rule of Evidence 804, since Mr. Graves was beyond the subpoena power of the Court and therefore unavailable.

The McKeans argue on appeal that no showing was made regarding Mr. Graves's unavailability. However, at a side bar conference, counsel for Nationwide explained that Mr. Graves was outside the subpoena power of the Court, and counsel for the McKeans did not contest that assertion. While our precedent generally requires more support for a showing of unavailability, we cannot say the District Court abused its discretion in

5

allowing the testimony based on the McKeans' tacit agreement that Mr. Graves was unavailable.

Asserting that the 911 call made by Mr. McKean to report the fire was more prejudicial than probative, the McKeans claim the District Court erred in allowing Nationwide to enter the call into evidence. The District Court ruled that the 911 call was "an admission of a party under [Federal Rule of Evidence] 801." (App. 206.) This decision was not erroneous. The McKeans now argue that the admission of the recording violated Federal Rule of Evidence 403 as being unduly prejudicial. This argument was not raised before the District Court. "Our general practice is not to address legal issues not raised below, absent exceptional circumstances." *Bell-Atlantic Pa., Inc. v. Pa. Pub. Util. Comm'n*, 273 F.3d 337, 344 n.3 (3d Cir. 2001). Since no exceptional circumstances exist here, we will not consider this argument.

Finally, the McKeans claim that the District Court improperly commented on the evidence when it allowed Nationwide to ask Joseph Myers, the McKeans' fire and arson expert, whether it was advisable to preserve a crime scene. The question at issue – "Is it important that crime scenes be preserved?" (App. 514) – was posed on cross examination, immediately following Mr. Myers's remark about the State trooper investigating the fire, which was part of a line of questioning begun by the McKeans' counsel regarding whether the fire scene had been altered or preserved. When counsel for the McKeans objected to the question, counsel for Nationwide offered to withdraw it.

6

As part of this exchange, which occurred before the jury, the District Court responded that "[a]s far as I'm concerned, the question was appropriate." (App. 514.) Rather than commenting on the evidence, the District Court was ruling on the McKeans' objection to the question. This ruling was not an abuse of discretion.

## IV.  Conclusion

For the reasons set forth above, we find that the District Court neither committed a legal error nor abused its discretion in making the evidentiary rulings challenged by the McKeans.  We will affirm.